IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT CHENCINSKI, # B-75443, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-0817-MJR |
| | ) |
| MICHAEL REEDER, | ) |
| LT. BERKLEY, | ) |
| TIMOTHY R. QUIGLEY, | ) |
| MARCUS T. MARVIN, and | ) |
| ANDREW HENRY TILDEN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Robert Chencinski, currently incarcerated at Pontiac Correctional Center ("Pontiac"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's initial claims arose while he was incarcerated in the Shawnee Correctional Center. Plaintiff was transferred to Pontiac on June 9, 2011 (Doc. 1, p. 10), and his medical claim arose after that transfer. Plaintiff asserts that he was subjected to retaliation, was found guilty of false disciplinary charges, and was denied medical care for a serious illness (blepharospasm).[1]

More specifically, Plaintiff alleges that Defendants Lt. Berkley and C/O Reeder retaliated against him because he had filed grievances against Shawnee staff, and pursued a lawsuit in this Court (*Chencinski v. Walker*, No. 09-cv-658-SCW, filed Aug. 25, 2009). This retaliation consisted of Defendant Berkley causing Plaintiff to lose two prison jobs, and failing to investigate Plaintiff's grievance (Doc. 1, pp. 6-7). Further, Defendant Reeder issued Plaintiff a

---

[1] Blepharospasm is an abnormal, involuntary blinking or spasm of the eyelids, which may cause facial spasms. *Facts About Blepharospasm*, National Eye Institute, National Institutes of Health, August 2009, http://www.nei.nih.gov/health/blepha/blepharospasm.asp (last visited August 21, 2012).

false disciplinary ticket. He then instructed Defendant Quigley, chairman of the Adjustment Committee, to "max" Plaintiff in the disciplinary hearing over that false charge, after which Plaintiff was punished with one year in segregation, a transfer to Pontiac, loss of one year of good conduct credits,[2] and other sanctions (Doc. 1, p. 9). Previously, Defendant Reeder had retaliated against Plaintiff by falsely claiming Plaintiff had received a gang letter and threatened to beat up another inmate (Doc. 1, p. 9-10). Defendants Quigley and Marvin conducted the disciplinary hearing, in which Plaintiff was not allowed an opportunity to present a defense or call witnesses (Doc. 1, pp. 7-8).

Finally, Defendant Dr. Tilden (the medical director at Pontiac) stopped Plaintiff from receiving his previously-authorized botox injections, which is the only effective treatment for his eye and facial spasms (Doc. 1, pp. 9-13).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Berkley, Reeder, and Quigley for retaliation (Count 1); against Defendants Quigley and Marvin for deprivation of a liberty interest without due process (Count 2); and against Defendant Tilden for deliberate indifference to a serious medical need (Count 3).

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607 (citing 28 U.S.C. § 1915(b), (g)). Plaintiff's complaint contains two unrelated claims

---

[2] As a general matter, Plaintiff may not seek damages in this § 1983 action for the loss of good conduct credits. Indeed, he notes (in Doc. 1, p. 13) that he has already begun a challenge to that sanction in a mandamus action in state court, which is a proper avenue to seek relief.

against different Defendants: Retaliation and due process claims against Defendants Berkley, Reeder, Quigley, and Marvin, and deliberate indifference to medical needs against Defendant Tilden. Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall **SEVER** Count 3 of Plaintiff's complaint into a new case, according to the instructions below.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's Eighth Amendment claim against **DEFENDANT TILDEN** for deliberate indifference to medical needs (**COUNT 3**) is **SEVERED** into a new case. The new case **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings. In the new case, the Clerk is **DIRECTED** to file the following documents:

    (1) This Memorandum and Order
    (2) The Original Complaint (Doc. 1)
    (3) Plaintiff's motion to proceed *in forma pauperis* (Doc. 2)

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with the newly opened case, he must notify the Court in writing on or before September 21, 2012. Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened action, he will be responsible for an additional filing fee in the new case. Furthermore, because the claim against Defendant Tilden, who is employed at Pontiac, arose in the Central District of Illinois, if Plaintiff elects to proceed, the new case shall be transferred to the District Court for the Central District of Illinois. Service shall not be ordered on Defendant Tilden at this time.

Plaintiff is further **ADVISED** that unless Plaintiff notifies the Court that he does not wish to proceed with one of these actions, he will be responsible for a separate filing fee in each case.

As to **COUNTS 1 and 2**, which remain in the instant case, the Clerk of Court shall prepare for Defendants **REEDER, BERKLEY, QUIGLEY** and **MARVIN** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

       **DATED:  August 23, 2012**

                                            <u>s/ *Michael J. Reagan*</u>
                                            **MICHAEL J. REAGAN**
                                            **UNITED STATES DISTRICT JUDGE**