IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT CHENCINSKI, #b-75443, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-0817–MJR–SCW |
| | ) |
| MICHAEL REEDER, LT. BERKLEY, | ) |
| TIMOTHY QUIGLEY, AND MARCUS | ) |
| MARVIN, | ) |
| | ) |
| Defendants. | |

# REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

## I.  Introduction

This matter has been referred to the United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the issue of whether Defendant's Motion to Dismiss should be granted.  Defendants Berkley, Marvin, Quigley, and Reeder filed a Motion to dismiss (Docs. 19 and 20), which argues that Plaintiff's claims are barred by the *Heck* doctrine.  Plaintiff filed a response (Doc. 24) arguing that his claim is not barred by *Heck* because some of his lost good time credit has been restored and because he has filed an action in state court challenging the underlying disciplinary outcome.

It is **RECOMMENDED** that the court **FIND** the Plaintiff's claims are barred by the *Heck* doctrine, **GRANT** the Motion to Dismiss filed by the Defendants, and **ADOPT** the following findings of fact and conclusions of law.

## II.  Findings of Fact

Plaintiff filed his Complaint on July 17, 2012 alleging that he suffered a due process violation and retaliation due to the manner in which his disciplinary hearing was conducted. Specifically, Plaintiff's Complaint alleges that he was retaliated against by Quigley, Berkley, and Reeder when he was convicted of charges in a false disciplinary ticket. Plaintiff alleges that Quigley and Marvin denied him due process because the adjustment committee did not conduct an impartial investigation into the charges, he was denied the opportunity to put on a defense through specifically identified witness testimony, and the adjustment committee accepted the statements of confidential informants without a proper inquiry into their reliability.

Plaintiff has a history of filing grievances and lawsuits. On May 18, 2011 Defendant Reeder issued Plaintiff a disciplinary ticket for soliciting assault and participating in a prohibited group activity. **(Doc. 1, Ex. A)**. Plaintiff alleges that Defendant Reeder falsely issued this ticket in retaliation for Plaintiff's other grievances. **(Doc. 1, p. 6)**. Defendant Berkley investigated the allegation in the disciplinary ticket. **(Doc. 1, Ex. A)**. Defendant Berkley found no exculpatory evidence during his investigation. **(Doc. 1, p. 7)**. Defendants Quigley and Marvin sat on the adjustment committee. **(Doc. 1, p. 7)**. Although Plaintiff submitted a list of six witnesses to testify in his defense to Defendant Marvin, no witnesses were called during the hearing, and no witness statements were subsequently taken. **(Doc. 1**, **p. 7)**. The adjustment committee also ignored evidence that showed that Plaintiff was not scheduled to work in the area of the alleged assault, nor was his cell block scheduled to be there on the day in question. **(Doc. 1, p. 8).** Additionally, the adjustment committee's decision relied entirely on the testimony of confidential informants. **(Doc. 1, p. 8)**. The only evidence in support of the informant's reliability was Defendant Reeder's testimony. **(Doc. 1, p. 9)**. Plaintiff was subsequently found guilty of the offense and punished by a demotion to C grade, one (1) year segregation, the revocation of one (1) year good time credit, a disciplinary transfer to Pontiac, and six (6) months of contact visit restrictions. **(Doc. 1, Ex. C)**.

Plaintiff is alleging that he was forced to serve one (1) year in segregation and that he lost fifty (50) pounds as a result. **(Doc. 1, p. 13)**. Plaintiff is claiming he was denied due process in retaliation for filing grievances, in violation of the Fourteenth Amendment.

Subsequent to Plaintiff's complaint, Defendant filed a Motion to Dismiss arguing that Plaintiff's claim is barred by the *Heck* doctrine established by the Supreme Court of the United States. Plaintiff responds to the Motion to Dismiss by arguing that 1) he has filed the appropriate state action challenging the decision of the adjustment committee and 2) he has regained all but forty five (45) days of his good time credit back, and therefore, his cause of action is no longer blocked by the *Heck* doctrine.

### III.   Motion to Dismiss Standard

On a motion to dismiss, the Court accepts all well-pled allegations in the plaintiff's complaint as true. **Fed. R. Civ. P. 12(b)(6).** The purpose of Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. **Gibson v. Chicago, 910 F.2d 1510, 1520 (7th Cir. 2005).** A complaint need not anticipate or overcome affirmative defenses such as the statute of limitations. **Covington v. Mitsubishi Motor Mfg. of America, Inc., 154 Fed.Appx. 523, 524 (7th Cir. 2005).** A complaint does not fail to state a claim simply because some defense is potentially available. **Id.** The exception occurs where "the complaint itself sets forth everything necessary to satisfy the affirmative defenses, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." **U.S. v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005) (citing *Leavell v. Kieffer*, 189 F.3d 492, 495 (7th Cir. 1999)).** In other words, a dismissal under 12(b)(6) on the basis of an affirmative defense is appropriate when a plaintiff pleas himself out of court. **Covington, 154 Fed. Appx. at 524-25.**

### IV.   Conclusions of Law

**A.**   *Heck* **Doctrine**

Defendants Quigley, Marvin, Reeder, and Berkley argue in their Motion to Dismiss that Plaintiff's claims of due process are barred by the *Heck* doctrine. **Heck v. Humphrey, 512 U.S. 477 (1994).** In *Heck*, the Supreme Court state that a prisoner's § 1983 is not cognizable if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." **Heck, 512 U.S. at 487.** Thus, a prisoner's claim for damages is barred unless the prisoner can demonstrate the conviction or sentence has previously been invalidated. The Supreme Court extended the *Heck* doctrine to civil rights claims arising out of prison disciplinary hearings. **Burd v. Sessler, 702 F.3d 429, 434 (7th Cir. 2012) (citing Edwards v. Balisok, 520 U.S. 641, 648 (1997) ("[R]espondent's claim[s] . . . that necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983.").** The proper method for challenging duration of a sentence is habeas corpus. **Id. at 432; Cole v. Quinn, No. 12-cv-686, 2012 WL 3262726 (S.D. Ill. Aug. 9, 2012) (citing Dewalt v. Cater, 224 F.3d 607, 614 (7th Cir. 2000)).**

Defendants Quigley, Marvin, Reeder, and Berkley argue that the claims against them stemming from the adjustment committee's decision on the allegedly falsified disciplinary ticket should be dismissed pursuant to the *Heck* doctrine. Plaintiff's complaint alleges he received the ticket in retaliation for his earlier grievances, and that he was denied due process due to the procedures used by the adjustment committee, which effectively deprived him of his defenses. Due process requires the ability to present evidence to the decisionmaker. **Wolff v. McDonnell, 418 U.S. 539, 558 (1974).**

Here, Plaintiff's claims are barred by *Heck*. A finding that the disciplinary ticket was issued falsely or that the hearing denied Plaintiff due process, would, if established, necessarily imply the invalidity of the hearing's result. Plaintiff's claims here are similar to the claims made in *Edwards*. In *Edwards*, Plaintiff claimed that the prison's procedures denied him the opportunity to put on an adequate defense because no statements or testimony was taken from his defense witnesses.

***Edwards*, 529 U.S. at 644.** The Court concluded that Plaintiff's claims that the sentence was invalid could not proceed. ***Id.* at 648.** Here, Plaintiff claims that he had an alibi, in that he was not scheduled to be at the gym during the time of the alleged incident which was not properly investigated and therefore not subject to proof as a defense. He further alleges that his witnesses were not called or asked to give a statement about the alleged incident. Finally, Plaintiff alleges that it violates due process for an adjustment committee to rely solely on the testimony of the investigative officer when assessing witness reliability. A finding on these issues would imply that the adjustment committee's decision on Plaintiff's disciplinary ticket was invalid. Therefore, under *Heck*, Plaintiff's claims must be dismissed, and he must pursue his remedy under habeas corpus review.

In response, Plaintiff argues that he has filed the appropriate case in state court, where it is currently proceeding. Likewise, he argues that he has already received a substantial portion of his lost good time credit back from the state. However, Plaintiff must show "favorable termination" of his action against the underlying disciplinary decision. **Holton v. Morales, 272 Fed. Appx. 527, 528 (7th Cir. 2008)(citing *Muhammed v. Close*, 540 U.S. 749, 750 (2004)).** Plaintiff has pled that his state action is ongoing. He had not demonstrated that there has been a decision in his favor. Likewise, Plaintiff has not shown that his good time credit was restored to him due to a successful challenge to the decision of the adjustment committee. It is not clear why Plaintiff's good time credit has been restored so far. Given that some of Plaintiff's good time credit remains outstanding, it is unlikely that Plaintiff will be able to show that it was restored because the authorities found that the adjustment committee's decision was invalid. Plaintiff has admitted that he grieved the outcome of the disciplinary ticket and his grievance was denied. Therefore, Plaintiff has not made the "favorable termination" showing required by *Holton* and *Muhammed*.

**B.      Disposition**

The Supreme Court has expressed a preference that cases barred by *Heck* should be dismissed, not stayed.  **See *Edwards v. Balisok*, 520 U.S. 641, 649 (1997) ("We reemphasize that § 1983 contains no judicially imposed exhaustion requirement . . . absent some other bar to the suit, a claim is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed.") (citations removed).**  Additionally, *Heck* serves to toll a §1983 action while a plaintiff attacks his underlying conviction.  ***Wallace v. Kato*, 549 U.S. 384 (2007) ( "[the *Heck* rule] delays what would otherwise be the accrual date of a tort action until the setting aside *of an extant conviction* which success in that tort action would impugn.) (emphasis in original).**  Where application of the *Heck* bar is debatable, the Seventh Circuit has noted that a case should be stayed instead of dismissed, "if the same issue may be resolved in the criminal prosecution (including a collateral attack)." ***Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010).**  Here, the *Heck* bar clearly applies because Plaintiff has not yet had a decision in his favor overturning the prison discipline.  As such, the undersigned **RECOMMENDS** that the Court **GRANT** Defendants' Motion to Dismiss and **DISMISS without prejudice** the § 1983 claims against Defendants stemming from the allegedly false ticket and subsequent disciplinary hearing.

### IV.     Conclusion

Accordingly, the undersigned **RECOMMENDS** that the Court **FIND** that Plaintiff's claims are barred by the *Heck* doctrine and that Defendants' Motion to Dismiss be **GRANTED** and Plaintiff's claims against them be **DISMISSED without prejudice**.

Should the Court adopt these findings, only the allegations in Count I where Plaintiff alleges that Defendant Berkley retaliated against him by causing him to lose his gym job and his HVAC job will remain.  The portions of Count 1 related to Defendant Reeder's alleged act of retaliation in issuing a false disciplinary ticket will be dismissed.  Likewise, the allegations in Count II alleging due

process violations for failure to properly investigate the ticket against Defendant Berkley and the due process claims against Defendants Quigley and Marvin will be dismissed.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b)**, the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  *See, e.g., Synder v. Nolen*, **380 F.ed 279, 284 (7th Cir. 2004)**.  Accordingly, Objections to this Report and Recommendation must be filed on or before <u>**April 29, 2013**</u>.

**IT IS SO ORDERED.**

DATED: April 12, 2013

/s/ <u>***Stephen C. Williams***</u>
STEPHEN C. WILLIAMS
United States Magistrate Judge