IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT CHENCINSKI, #B-75443, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL REEDER, LT. BERKLEY, )<br>TIMOTHY QUIGLEY, AND MARCUS )<br>MARVIN, )<br>)<br>Defendants. )<br>)<br>) | Case No. 12-CV- 0817-MJR-SCW |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

On July 17, 2012, Plaintiff filed suit in this Court under 42 U.S.C. § 1983, alleging deprivations of his constitutional rights. Plaintiff alleges that he was retaliated against by Defendants Quigley, Berkley, and Reeder when he was convicted of charges in a false disciplinary ticket. Plaintiff further alleges that Defendants Quigley and Marvin denied him due process when the adjustment committee failed to conduct an impartial investigation into the charges, he was denied the opportunity to put on a defense through specifically identified witness testimony, and the adjustment committee accepted the statements of confidential informants without a proper inquiry into their reliability. Plaintiff was subsequently found guilty of the offense at the disciplinary

hearing and punished by a demotion to C grade, one- year segregation, the revocation of one year good time credit, a disciplinary transfer to Pontiac, and six months of contact visit restrictions.   (Doc. 1, Ex. C).

On October 23, 2012, Defendants filed a Motion to Dismiss arguing that Plaintiff's claims against them stemming from the adjustment committee's decision on the allegedly falsified disciplinary ticket are barred by the *Heck* doctrine.  ***See Heck v. Humphrey*, 512 U.S. 477 (1994)**.   On November 8, 2012, Plaintiff filed a response to the Motion to Dismiss, arguing that he has filed the appropriate state action challenging the decision of the adjustment committee.   Likewise, he argues that he has regained all but forty-five days of his good time credit back, and therefore, his cause of action is no longer barred by the *Heck* doctrine.   Magistrate Judge Stephen Williams issued a Report and Recommendation on this motion on April 12, 2013 (Doc. 44).   No timely objections have been filed.

In *Heck*, the Supreme Court stated that a prisoner's § 1983 claim is not cognizable if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."   *Heck*, **512 U.S. at 487**.   Thus, a prisoner's claim for damages is barred unless the prisoner can demonstrate the conviction or sentence has previously been invalidated.   The Supreme Court extended the *Heck* doctrine to civil rights claims arising out of prison disciplinary hearings.   ***Burd v. Sessler*, 702 F.3d 429, 434 (7th Cir. 2012) (citing** *Edwards v. Balisok*, **520 U.S. 641, 648 (1997) ("[R]espondent's claim[s] . . . that necessarily imply the invalidity of the punishment imposed, [are] not**

**congnizable under § 1983.")**.

Magistrate Judge Williams' Report recommends granting Defendants' motion to dismiss because the claims are in fact barred by *Heck*. Specifically, Judge Williams explains that a finding that a disciplinary ticket was issued falsely or that the hearing denied Plaintiff due process would necessarily imply the invalidity of the hearing's result. Further, Judge Williams finds that Plaintiff has not made the "favorable termination" showing as some of Plaintiff's good time credit remains outstanding, and he has not demonstrated that there has been a decision in his favor.

Where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), the Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, **474 U.S. 140 (1985)**. While a *de novo* review is not required here, the Court has considered the record and Magistrate Judge William's Report and Recommendation and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Williams. The Court concludes that Plaintiff's claims against Defendants Reeder and Berkley for issuing and signing off on a false disciplinary ticket and Plaintiff's due process claims against Defendant Berkley, Quigley and Marvin should be dismissed.

The Court **ADOPTS** Magistrate Judge Williams' Report and Recommendation (Doc. 44) and **GRANTS** Defendants' Motion to Dismiss (Doc. 19). Plaintiff's retaliation claims against Defendants Reeder and Berkley regarding the false disciplinary ticket, and his due process claims against Defendants Berkley, Quigley and Marvin are

**DISMISSED without prejudice**. The only remaining claims are retaliation claims against Defendants Reeder and Berkley. In light of the foregoing, Plaintiff's Motion to Stay (Doc. 41) his due process claims is **DENIED as moot**.

IT IS SO ORDERED.

DATED: May 30, 2013

                                              s/Michael J. Reagan
                                              MICHAEL J. REAGAN
                                              United States District Judge