IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT CHENCINSKI, #B-75443, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-CV- 0817-MJR-SCW |
| | ) |
| MICHAEL REEDER AND | ) |
| LT. BERKLEY, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

REAGAN, District Judge:

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Stephen C. Williams (Doc. 45), recommending that this Court grant Defendants' motion for summary judgment based on exhaustion. The Report and Recommendation was entered on May 21, 2013. No objections have been filed.

Plaintiff, then an inmate at Pontiac Correctional Center, filed this case asserting various due process and retaliation claims (Doc. 1). On December 17, 2012, Defendants filed a motion for summary judgment on the basis that Plaintiff had failed to exhaust his administrative remedies. The motion raised three issues for the Court to consider: 1) whether Plaintiff is excused for failing to grieve the loss of his HVAC job, 2) whether

1

Plaintiff's grievances against Defendant Riley for the confiscation of his legal mail include Defendant Reeder by implication, and 3) whether Plaintiff is excused from grieving his placement in investigative segregation in January of 2011 (Docs. 31). Magistrate Judge Williams did not hold a *Pavey* hearing on the basis that Plaintiff failed to demonstrate that any disputed factual issues exist. Based on a review of the record, Magistrate Judge Williams issued the Report and Recommendation currently before the Court (Doc. 45). The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. **28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b);** *Harper v. City of Chicago Heights*, **824 F. Supp. 786, 788 (N.D. Ill. 1993);** *see also Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, **824 F. Supp. at 788**. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id., quoting* **12 Charles Alan Wright et al.,** *Federal Practice and Procedure* **§ 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)**.

However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, **474 U.S. 140**

**(1985)**.  While a *de novo* review is not required here, the Court has considered the evidence and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Williams.  With respect to the claim of retaliation relating to Plaintiff's loss of his HVAC job, Plaintiff concedes that he failed to grieve this claim.  Further, his argument that retaliation prevented him from grieving the claim is not supported by any evidence in the record, which instead contradicts Plaintiff's allegation that he feared retaliation. With respect to the retaliation claim of being placed in segregation, it is undisputed that Plaintiff never filed a grievance regarding his January 26, 2011 placement in segregation. Lastly, with respect to the claim relating to the alleged loss of legal mail, Plaintiff did not grieve this claim against Defendant Reeder, nor is it part of the conduct described in the grievances against Lt. Riley.  It is apparent to the Court that Plaintiff did not fully exhaust his administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act.  **42 U.S.C. § 1997e(a)**.

The Court **ADOPTS** Magistrate Judge William's Report and Recommendation (Doc. 45) and **GRANTS** Defendant's motion for summary judgment for failure to exhaust administrative remedies (Doc. 31).  The Court finds that Plaintiff has failed to exhaust his administrative remedies as to the retaliation claim against Defendant Berkley for loss of the HVAC position, the claim of retaliation against Defendant Reeder relating to the loss of mail, and the claim of retaliation relating to his placement in investigative segregation.  The foregoing claims are **DISMISSED without prejudice**. The only claim that remains is the claim of retaliation against Defendant Berkley relating

to his LTS gym porter job.

IT IS SO ORDERED.

DATED:   July 16, 2013

                                                    s/Michael J. Reagan_____
                                                  MICHAEL J. REAGAN
                                                  United States District Judge